UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
CASE NO. 15-CR-20815-KING

UNITED STATES OF AMERICA

v.

DENARD STOKELING,

　　　Defendant.
_____/

**GOVERNMENT'S FIRST RESPONSE TO
THE STANDING DISCOVERY ORDER**

The United States hereby files this response to the Standing Discovery Order. This response also complies with Local Rule 88.10 and Federal Rule of Criminal Procedure 16, and is numbered to correspond with Local Rule 88.10.

A.　1.　Enclosed please find copies of recordings of conversations had by the Defendant.

　　2.　That portion of the written record containing the substance of any oral statement made by the Defendant before or after arrest in response to interrogation by any person then known to the Defendant to be a government agent is attached.

　　3.　The Defendant did not testify before the Grand Jury.

　　4.　The NCIC record of the Defendant is attached.

　　5.　Books, papers, documents, photographs, tangible objects, buildings or places which the government intends to use as evidence at trial to prove its case in chief, or were obtained or belonging to the Defendant, are attached to this response to the extent practicable but not filed with the Court. Other items, including additional items that may become available at a later date, may be inspected at a mutually convenient time at the Office of the United States Attorney, 99 Northeast 4th Street, Miami, Florida, Suite 600. Please call the undersigned to set up a date and time that is convenient to both parties.

　　　The attachments to this discovery response are not necessarily copies of all the books, papers, documents, etc., that the government may intend to introduce at trial.

6.   A report analyzing and comparing the fingerprint sample provided by the Defendant following his arrest in this case with the fingerprints provided with several judgments and convictions relating to Defendant, is attached.

B.   DEMAND FOR RECIPROCAL DISCOVERY: The United States requests the disclosure and production of materials enumerated as items 1, 2 and 3 of Section B of the Standing Discovery Order. This request is also made pursuant to Rule 16(b) of the Federal Rules of Criminal Procedure.

C.   The government will disclose any information or material which may be favorable on the issues of guilt or punishment within the scope of Brady v. Maryland, 373 U.S. 83 (1963), and United States v. Agurs, 427 U.S. 97 (1976).

D.   The government will disclose any payments, promises of immunity, leniency, preferential treatment, or other inducements made to prospective government witnesses, within the scope of Giglio v. United States, 405 U.S. 150 (1972), or Napue v. Illinois, 360 U.S. 264 (1959).

E.   The government will disclose any prior convictions of any alleged co-conspirator, accomplice or informant who will testify for the government at trial.

F.   No Defendant was identified in a lineup, show up, photo spread or similar identification proceedings.

G.   The government has advised its agents and officers involved in this case to preserve all rough notes.

H.   The government will timely advise the Defendant of its intent, if any, to introduce during its case in chief proof of evidence pursuant to F.R.E. 404(b). You are hereby on notice that all evidence made available to you for inspection, as well as all statements disclosed herein or in any future discovery letter, may be offered in the trial of this cause, under F.R.E. 404(b) or otherwise (including the inextricably-intertwined doctrine).

In addition, the government may introduce under Rule 404(b) evidence underlying the Defendant's past criminal activity that has resulted in arrests and/or convictions and which is summarized in the attached court documents. Specially, on or about September 26, 1997, Defendant was convicted of armed robbery / home invasion, kidnapping with a weapon, and robbery using a deadly weapon or firearm, in Case No. 97-14434. The government may seek to introduce the acts giving rise to that conviction, which conviction and acts demonstrate intent, knowledge, and absence of mistake or accident with respect to the charged offense.

I.  The Defendant is not an aggrieved person, as defined in Title 18, United States Code, Section 2510(11), of any electronic surveillance.

J.  The government has ordered transcribed the Grand Jury testimony of all witnesses who will testify for the government at the trial of this case.

K.  No controlled substance is involved in this indictment.

L.  The government does not know of any automobile, vessel, or aircraft allegedly used in the commission of this offense that is in the government's possession.

If you wish to inspect the firearm and ammunition used in the commission of the offense charged, please contact the undersigned.

M.  The government is not aware of any latent fingerprints or palm prints which have been identified by a government expert as those of the Defendant.

N.  To date, the government has not received a request for disclosure of the subject-matter of expert testimony that the government reasonably expects to offer at trial.

O.  The government will make every possible effort in good faith to stipulate to all facts or points of law the truth and existence of which is not contested and the early resolution of which will expedite trial. These stipulations will be discussed at the discovery conference.

The government hereby requests that the defense stipulate to the following facts:

1.  The firearm seized from the defendant at the time of arrest is a "firearm" as that term is defined in Title 18, United States Code, Section 921(a)(3), that is, it is a weapon which is designed to, or may readily be converted to, expel a projectile by the action of an explosive.

P.  At the discovery conference scheduled in Section A.5, above, the government will seek written stipulations to agreed facts in this case, to be signed by the Defendant and defense counsel.

The government is aware of its continuing duty to disclose such newly discovered additional information required by the Standing Discovery Order, Rule 16(c) of the Federal Rules of Criminal Procedure, Brady, Giglio, Napue, and the obligation to assure a fair trial.

In addition to the request made above by the government pursuant to both Section B of the Standing Discovery Order and Rule 16(b) of the Federal Rules of Criminal Procedure, in

accordance with Rule 12.1 of the Federal Rules of Criminal Procedure, the government hereby demands Notice of Alibi defense; the approximate time, date, and place of the offense was:

    DATE: Please see indictment.
    TIME: Please see indictment and discovery.
    LOCATION: Please see indictment and discovery.

The attachments to this response are numbered pages 1 through 161 and a CD labeled 162. Below the undersigned has excerpted a table reflecting the contents of this production.

| #   | Item | Pages |
|-----|------|-------|
| 1.  | Reports | 1-3 |
| 2.  | Interstate Nexus and Qualifications | 4-7 |
| 3.  | Clemency Letter | 8-9 |
| 4.  | Trace Report | 10-12 |
| 5.  | Reports, A-Forms, Miscellaneous | 13-29 |
| 6.  | DNA Consent | 30 |
| 7.  | Miranda Form | 31 |
| 8.  | Recorded Statement Preambles | 32-33 |
| 9.  | Property Receipts | 34-36 |
| 10. | NCIC | 37-47 |
| 11. | Prior Convictions, Fingerprint Comparison, and Qualifications | 48-87 |
| 12. | Photographs | 88-161 |
| 13. | Recorded Statements | 162 |

Please contact the undersigned Assistant United States Attorney if any pages or items are missing.

    Respectfully submitted,
    WIFREDO A. FERRER
    UNITED STATES ATTORNEY

By:    */s/ Daya Nathan*
    DAYA NATHAN
    Assistant United States Attorney
    Florida Bar No. 74392
    99 Northeast 4th Street
    Miami, Florida 33132-2111
    Tel.: (305) 961-9147
    Fax: (305) 530-7976
    Email: daya.nathan@usdoj.gov

## **CERTIFICATE OF SERVICE**

**I HEREBY CERTIFY** that on November 9, 2015 a copy of the government's discovery will be mailed to counsel for the defendant. Further, I certify that I electronically filed the foregoing document with the Clerk of the Court using CM/ECF on November 8, 2015.

*/s/ Daya Nathan*
Assistant United States Attorney